UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| In re:<br><br>CHRIS LEE TIM,<br><br>Debtor. | )<br>)<br>) Case No. B-20-50054 C-13W<br>)<br>)<br>) |
| KATHRYN L. BRINGLE, Chapter 13 Trustee,<br><br>Plaintiff,<br>vs.<br><br>CARVANA, LLC<br><br>Defendant. | )<br>)<br>) Adversary Proceeding<br>) No._____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT TO DETERMINE THE VALIDITY, EXTENT OR PRIORITY OF A LIEN AND FOR TURNOVER OF PROPERTY TO THE BANKRUPTCY ESTATE

Kathryn L. Bringle, Trustee, ("the Plaintiff"), through Counsel, complains of the Defendant, Carvana, LLC ("the Defendant") and avers as follows:

### JURISDICTION

1. This Court has proper jurisdiction over this Adversary Proceeding and the parties pursuant to 28 U.S.C. §§157 and 1334. This Action is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2. Venue is proper in this District pursuant to 28 U.S.C. §1409 since this is a proceeding brought under Title 11 of the United States Code in a bankruptcy case filed under Title 11 of the United States Code. This is an action under 11 U.S.C. §362, §542, §544 and §549 to avoid a post-petition transfer of an asset of the bankruptcy estate and recover property of the Bankruptcy Estate which constitutes a core proceeding within the meaning of 28 U.S.C. §157.

### PARTIES

3. On January 17, 2020 ("the Petition date"), Chris Lee Tim ("the Debtor") filed a Petition under Chapter 13 of Title 11 of the United States Code in this District.

4. On the Petition date, Kathryn L. Bringle was appointed as Trustee for the Debtor and is duly qualified and acting as Trustee.

5. The Defendant, Carvana, LLC ("Carvana") is, upon information and belief, a limited liability company with a principal office address of 1930 W. Rio Salado Parkway, Tempe, AZ 85281.

## FACTS

6. On March 11, 2020, Carvana filed a proof of claim (Exhibit A) in the amount of $14,076.90 and alleged it held a security interest in a 2013 Volkswagen Passat ("the vehicle").

7. The Defendant attached a Security Agreement dated December 28, 2019 to this claim which appears to demonstrate a purchase money security interest in the vehicle. A document entitled "Lien and Title Information" was also attached to the claim which included an "issuance" and "received" date of March 7, 2020.

8. The Trustee contacted the North Carolina Division of Motor Vehicles on April 28, 2020 and was informed that Carvana's lien on the title to the vehicle had been perfected on February 4, 2020.

9. The lien of the Defendant was perfected 18 days after the filing of the Petition and approximately 38 days after the execution of the December 28, 2019 Security Agreement.

10. Upon information and belief, Carvana failed to deliver the application for notation of a security interest on the title of the vehicle to the Division of Motor Vehicles within 20 days of the execution of the security agreement as required by N.C.G.S. 20-58.2. Consequently, its lien was recorded on February 4, 2020, the date of delivery of the application to the North Carolina Division of Motor Vehicles, 18 days after the Petition was filed.

11. Upon information and belief, the vehicle was deemed a total loss after an automobile accident on April 9, 2020. The Insurance Company, GEICO is holding proceeds of approximately $9,838.01.

## FIRST CLAIM FOR RELIEF 11 U.S.C. §544

12. The Plaintiff re-alleges and incorporates herein, as if fully pleaded, the allegations contained in paragraphs 1 through 11 above.

13. Pursuant to 11 U.S.C. §544, the Trustee has, on the date of the commencement of the case, and without regard to any knowledge of the Trustee or of any creditor, the rights and powers of a hypothetical judgment creditor with an unsatisfied Judgment execution against the property of the Debtors.

14. The Trustee hereby asserts her avoiding powers under §544 against the Defendant with respect to the alleged lien on the vehicle and insurance proceeds inasmuch as the Defendant did not have a perfected security interest in the vehicle as of the date of the commencement of the case.

## SECOND CLAIM FOR RELIEF 11 U.S.C. §549

15. Plaintiff re-alleges and incorporates herein, as if fully pleaded, the allegations contained in paragraphs 1 through 14 above.

16. The lien recorded on the title of the vehicle on February 4, 2020 was recorded after the Petition was filed and more than 20 days after the execution of the Security Agreement and constitutes an unauthorized transfer of an interest in property of the estate which the Trustee may avoid pursuant to 11 U.S.C. §549.

17. The Trustee hereby asserts her avoiding powers under 11 U.S.C. §549 against the Defendant with respect to the alleged lien recorded on the title of the vehicle on February 4, 2020 and any lien the Defendant may assert against the insurance proceeds as cash collateral.

## THIRD CLAIM FOR RELIEF 11 U.S.C. §362

18. Plaintiff re-alleges and incorporates herein, as if fully pleaded, the allegations set forth in Paragraphs 1 through 17 above.

19. The Defendant violated the automatic stay by its actions to create and perfect a lien against the vehicle, which was property of the bankruptcy estate, on or about February 4, 2020. As a consequence, any lien placed on the title to the vehicle or claim on the insurance proceeds should be avoided.

## FOURTH CLAIM FOR RELIEF 11 U.S.C. §542

20. The Plaintiff re-alleges and incorporates herein, as if fully pleaded Paragraphs 1-19 above.

21. The insurance proceeds of $9,838.01 are property of the bankruptcy estate and must be turned over to the Trustee to use for the benefit of unsecured creditors.

## FIFTH CLAIM FOR RELIEF 11 U.S.C. §551

22. Plaintiff re-alleges and incorporates herein the allegations set forth in Paragraphs 1 through 21 above.

23. The benefit of the avoidance of any transfer or lien held by the Defendant shall be preserved for the benefit of the Bankruptcy Estate.

**WHEREFORE**, the Trustee respectfully prays that:

1. The Carvana's lien be avoided and the claim of Carvana be allowed as a general unsecured claim;

2. The insurance proceeds of $9,838.01 be turned over to the Trustee immediately inasmuch as said proceeds are property of the Bankruptcy Estate;

3. Upon receipt of the insurance proceeds by the Trustee, Carvana be required to release its lien on the Title of the vehicle and supply clear title to the insuance company;

4. The Trustee disburse the insurance proceeds to unsecured creditors, including Carvana, on a pro-rated basis if the case is successfully completed such that the Debtor is eligible for a discharge;

5. In the event this case is converted to a case under Chapter 7 of Title 11 of the United States Code, the insurance proceeds shall be delivered to the Chapter 7 Trustee assigned to this case;

6. In the event this case is dismissed, the insurance proceeds shall be forwarded to the Defendant;

7. The avoidance of any lien held by Carvana benefit the bankruptcy estate.

8. The Court grant such other and further relief as this Court deems just and proper.

Date:  May 26, 2020
KLB/VJC/ae

s/ Vernon J. Cahoon
Chapter 13 Staff Attorney
State Bar No. 13443
PO Box 2115
Winston-Salem, NC 27102-2115
(336) 722-1139

**Fill in this information to identify the case:**

Debtor 1: chris tim

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: Middle District of North Carolina

Case number: 2050054

FILED
MAR 11 2020
U.S. Bankruptcy Court
Greensboro, NC

EXHIBIT
A

Official Form 410

# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Carvana, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor: Carvana, LLC

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Carvana, LLC
Name

PO Box 29018
Number   Street

Phoenix      AZ    85038
City         State  ZIP Code

Contact phone: 800-856-3608

Contact email: RM-BankruptcyTeam@BridgeCrest.com

Where should payments to the creditor be sent? (if different)

Name: _____

Number   Street

City         State  ZIP Code

Contact phone: _____

Contact email: _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. Do you have any number you use to identify the debtor?
   ☐ No
   ☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __ __ __ __ 5801

7. How much is the claim?  $ 14,076.90    Does this amount include interest or other charges?
   ☐ No
   ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   Auto Loan

9. Is all or part of the claim secured?
   ☐ No
   ☑ Yes. The claim is secured by a lien on property.

   Nature of property:
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☑ Motor vehicle
   ☑ Other. Describe:    2013    Volkswagen    Passat

   Basis for perfection: _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   Value of property:              $ _____
   Amount of the claim that is secured:   $ 14,076.90

   Amount of the claim that is unsecured:  $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   Amount necessary to cure any default as of the date of the petition:   $ _____

   Annual Interest Rate (when case was filed) 24.71 %
   ☑ Fixed
   ☐ Variable

10. Is this claim based on a lease?
    ☑ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition.   $ _____

11. Is this claim subject to a right of setoff?
    ☑ No
    ☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No ☑ Yes. Check one: | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan  11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

* Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  March 10, 2020
                  MM / DD / YYYY

/s/ Ritchie Pierce
Signature

Print the name of the person who is completing and signing this claim:

| Name | Ritchie | | Pierce |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Bridgecrest Specialist | | |
| Company | Bridgecrest Credit Company, LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | PO Box 29018 | | |
| | Number   Street | | |
| | Phoenix | AZ | 85038 |
| | City | State | ZIP Code |
| Contact phone | 800-856-3608 | Email | RM-BankruptcyTeam@BridgeCrest.com |

**CARVANA**

1930 W. Rio Salado Pkwy
Tempe, AZ 85281
Office: 602.852.6604
Fax: 602.667.2581
Email: legal@carvana.com

Date: March 10, 2020

To Whom It May Concern,

This letter shall serve as formal acknowledgement that Bridgecrest is a valid loan servicer for Carvana loans.

If you have any questions, please contact me at the email address or phone number above.

Sincerely,

Name: Paul Breaux

Title: General Counsel, Vice President, and Secretary

# PROOF OF CLAIM CALCULATIONS

## AS OF 1/17/2020

Principal: $13,880.00

Interest: $196.90

Pre-Petition Late fees: $0.00

Pre-Petition Attorney Fees and Court Costs: $

Repossession Charges: $0.00

TOTAL: $14,076.90

\* Interest, fees and charges continue to accrue per the Note terms.



Collateral Management Services
9750 Goethe Road | Sacramento, CA 95827
www.dealertrack.com

# Carvana LLC

## Lien and Title Information

| | |
|---|---|
| ELT Lien ID | 48411290 |
| Lienholder | CARVANA LLC |
| Lienholder Address | PO BOX 29002 |
| | PHOENIX, AZ 850389002 |
| Lien Release Date | |

| | | | |
|---|---|---|---|
| VIN | 1VWCN7A30DC016510 | Issuance Date | 3/7/2020 |
| Title Number | 26820035977U | Received Date | 3/7/2020 |
| Title State | NC | ELT/Paper | ELECTRONIC |
| Year | 2013 | Odometer Reading | 0 |
| Make | VOLK | Branding | |
| Model | | | |
| Owner 1 | CHRIS LEE TIM | | |
| Owner 2 | | | |
| Owner Address | 113 HABERSHAM CT | | |
| | LEXINGTON, NC 272952193 | | |

Printed: Tuesday, March 10, 2020 7:10:20 AM PST

NC-102 10/10/2015

# Retail Installment Contract and Security Agreement
(Consumer Credit Document)

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary |
|---|---|---|
| CARVANA, LLC<br>4830 KOGER BLVD<br>GREENSBORO NC 27407-2668 | chris tim<br>113 habersham ct<br>lexington NC 27295 | No. _____<br>Date 12/28/19 |

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $300.00 |
|---|---|---|---|---|
| 24.71 % | $ 12,809.23 | $ 13,880.00 | $ 26,689.23 | $ 26,909.23 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 71 | $ 372.00 | monthly beginning 01/28/20 |
| 1 | $ 277.23 | 12/28/25 |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of 5% of the unpaid amount of the payment due. If you purchase the Vehicle for personal, family, household, or agricultural purposes the late charge will not exceed $6.00.

**Prepayment.** If you pay off this Contract early, you will not have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2013 | Volkswagen | Passat | Sedan | 1VWCN7A30DC016510 | 77054 |

☐ New  ☒ Used  ☐ Demo

Other: N/A

## Description of Trade-In

| N/A | N/A | N/A | N/A |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

## Conditional Delivery

☒ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("Agreement") applies: N/A
N/A . The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## Sales Agreement

**Payment.** You promise to pay us the principal amount of $ 13,880.00 plus finance charges accruing on the unpaid balance at the rate of 24.71 % per year from the date of this Contract until maturity. After maturity, or after you default and we demand payment, we will charge finance charges on the unpaid balance at 24.71 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the Truth-In-Lending Disclosure. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the Itemization of Amount Financed.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

## Itemization of Amount Financed

| | | |
|---|---|---|
| a. | **Cash Price** of Vehicle, etc. (incl. sales tax of $ 381.00 ) | $ 13,081.00 |
| b. | Trade-in allowance | $ 0.00 |
| c. | Less: Amount owing, paid to (includes k): N/A | $ N/A |
| d. | Net trade-in (b-c; if negative, enter $0 here and enter the amount on line k) | $ 0.00 |
| e. | Cash payment | $ 300.00 |
| f. | Manufacturer's rebate | $ 0.00 |
| g. | Deferred down payment | $ 0.00 |
| h. | Other down payment (describe) N/A | $ N/A |
| i. | **Down Payment** (d+e+f+g+h) | $ 300.00 |
| j. | **Unpaid balance of Cash Price** (a-i) | $ 12,781.00 |
| k. | Financed trade in balance (see line d) | $ 0.00 |
| l. | Paid to public officials, including filing fees | $ 104.00 |
| m. | Insurance premiums paid to insurance company(ies) | $ 0.00 |
| n. | Service Contract, paid to: N/A | $ 0.00 |
| o. | To: Transit Charge | $ 300.00 |
| p. | To: Gap Coverage | $ 695.00 |
| q. | To: N/A | $ N/A |
| r. | To: N/A | $ N/A |
| s. | To: N/A | $ N/A |
| t. | To: N/A | $ N/A |
| u. | To: N/A | $ N/A |
| v. | To: N/A | $ N/A |
| w. | To: N/A | $ N/A |
| x. | To: N/A | $ N/A |
| y. | **Total Other Charges/Amts Paid** (k thru x) | $ 1,099.00 |
| z. | **Prepaid Finance Charge** | $ 0.00 |
| aa. | **Amount Financed** (j+y-z) | $ 13,880.00 |

We may retain or receive a portion of any amounts paid to others.

*[This area intentionally left blank.]*

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages you have chosen to purchase.

**Credit Life**

☐ Single  ☐ Joint  ☐ None
Premium $ N/A                        Term N/A
Insured                  N/A

**Credit Disability**

☐ Single  ☐ Joint  ☐ None
Premium $ N/A                        Term N/A
Insured                  N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: N/A                                      N/A DOB
Date:

By: N/A                                      N/A DOB
Date:

By: N/A                                      N/A DOB
Date:

**Property Insurance.** You must insure the Property. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ 1,000 . If you get insurance from or through us you will pay $ N/A for N/A of coverage.

This premium is calculated as follows:

☐ $ N/A  Deductible, Collision Cov.  $ N/A
☐ $ N/A  Deductible, Comprehensive  $ N/A
☐ Fire-Theft and Combined Additional Cov.  $ N/A
☐ N/A  $ N/A

**Liability insurance** coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A for N/A of coverage.

### Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ Service Contract
Term: N/A months
Price: $ N/A
Coverage: N/A N/A

☒ Gap Waiver or Gap Coverage
Term: 72 months
Price: $ 695.00
Coverage: Gap Coverage

☐ N/A
Term: N/A
Price: $ N/A
Coverage: N/A

By: N/A                               N/A Date

By: N/A                               N/A Date

By: N/A                               N/A Date

### Additional Terms of the Sales Agreement

**Definitions.** "*Contract*" refers to this Retail Installment Contract and Security Agreement. The pronouns "*you*" and "*your*" refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns "*we*", "*us*" and "*our*" refer to the Seller and any entity to which it may transfer this Contract. "*Vehicle*" means each motor vehicle described in the *Description of Property* section. "*Property*" means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. You also agree that the purchase of the Property on credit takes place at the Seller's licensed location identified at the top of page 1 of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The "*Total Sale Price*" is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a fee of $25.00.

**Governing Law and Interpretation.** This Contract is governed by the law of North Carolina and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may, from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract (except as prohibited by law) if you fail to perform any obligation that you have undertaken in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. You also agree to pay reasonable attorneys' fees not in excess of 15% of the outstanding balance owing on the Contract at the time we begin a lawsuit to enforce and/or collect this Contract.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

- We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the post-maturity rate described in the *Payment* section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property, to the extent permitted by law. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

## Notices

**Note.** If you purchased the Vehicle primarily for personal, family, household, or agricultural purposes, the following notice applies: **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Sí compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.

## Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

| N/A | N/A |
|---|---|
| By: | Date |
| Signature of Third Party Owner (NOT the Buyer) | |

*[This area intentionally left blank.]*

☒ **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

**Assignment.** This Contract and Security Agreement is assigned to
N/A

the Assignee, phone _____N/A_____ . This assignment is made under the terms of a separate agreement made between the Seller and Assignee.
☐ This Assignment is made with recourse.

Seller

N/A
By: _____ Date

### Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

### Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

_[signature]_                                12/28/19
By: chris tim                                Date

N/A                                          N/A
By: _____               Date

N/A                                          N/A
By: _____               Date

**Notice to Buyer.** (1) Do not sign this Contract before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this Contract.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

Buyer

_[signature]_                                12/28/19
By: chris tim                                Date

N/A                                          N/A
By: _____               Date

N/A                                          N/A
By: _____               Date

Seller

_[signature]_                                12/28/19
By: CARVANA, LLC                             Date

Retail Installment Contract-NC Not for use in transactions secured by a dwelling
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

RSSIMVLEZNC 10/10/2015
Page 5 of 5

IMPORTANT NOTICE TO THE BAR AND PUBLIC CONCERNING
SCHEDULED HEARINGS UNDER THE EXIGENT CIRCUMSTANCES
CREATED BY CORONAVIRUS (COVID-19)

PLEASE TAKE NOTICE THAT, due to COVID-19, hearings may proceed **telephonically or by videoconference, rather than in person (or "in open court")**. At this time, unless an order is issued setting a matter for hearing in open court, or the matter is specially noticed, it will be heard virtually, and parties will not be permitted to access the courtroom. Parties should consult the Court's website, www.ncmb.uscourts.gov, or call the Clerk's Office at
336-358-4000 prior to any scheduled hearing to determine if this policy has changed.

PLEASE TAKE FURTHER NOTICE THAT, if a hearing proceeds in open court, parties must comply with the Court's Standing Order Regarding Entrance and Hearing Protocols for the Exigent Circumstances Created by COVID-19, as may be amended from time to time.

PLEASE TAKE FURTHER NOTICE THAT all attorneys, witnesses and parties wishing to attend a telephonic hearing or conference must:

(1) Not use speaker phone.
(2) Call from a quiet area, where background noise is minimal. (3) Wait until the judge calls their case before speaking.
(4) Clearly state their name each time before speaking.
(5) Put their phone on mute until their case is called, but NOT put the phone on hold at any time after the call is connected.

Pursuant to Local Rule 5073-1, audio and video recording of court proceedings by any party without permission is prohibited. This applies to all proceedings, whether held in open court, telephonically, or by videoconference.

## Dial-In Numbers For Attending Court Hearings By Audio

When attending court by way of audio, please use the number and access code that corresponds to the presiding judge.

| Judge | Dial-In Number | Access Code |
|---|---|---|
| Judge James | 866-434-5269 | 2732206 |
| Judge Aron | 888-363-4735 | 6733082 |
| Judge Kahn | 877-848-7030 | 8852513 |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| In re:<br><br>CHRIS LEE TIM,<br><br>Debtor. | ) <br> ) <br> ) Case No. B-20-50054   C-13W <br> ) <br> ) <br> ) <br> ) <br> ) |
| KATHRYN L. BRINGLE, Chapter 13 Trustee,<br><br>Plaintiff,<br>vs.<br><br>CARVANA, LLC<br><br>Defendant. | ) <br> ) Adversary Proceeding <br> ) No.____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**VERIFICATION OF COMPLAINT**

The Plaintiff, above-named, respectfully alleges as follows:

1. That this matter is a core proceeding pursuant to 28 U.S.C. §157 and that the Court has jurisdiction pursuant to 28 U.S.C. §§151, 157 and 1334. The Complaint was filed pursuant to 11 U.S.C. §§542, 544, 549, 362 & 551 to avoid a lien on a vehicle and/or insurance and recover property of the Bankruptcy Estate.

2. I have read the Complaint and hereby verify the facts asserted therein are true and accurate of my own knowledge except as to those matters alleged upon information and belief, and as to those matters, I believe that they are true.

Date: May 26, 2020
KLB/VJC/ae

s/ Kathryn L. Bringle
Chapter 13 Trustee

Sworn to and subscribed
Before me this 26th day
of May 2020

_William H Flowers_
Notary Public

My Commission Expires: 3/30/24