SO ORDERED.

SIGNED this 8th day of September, 2020.


LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE



UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| CHRIS LEE TIM, ) | Case No. B-20-50054   C-13W |
| ) | |
| ) | |
| Debtor. ) | |
| ) | |
| KATHRYN L. BRINGLE, Chapter 13 Trustee, ) | Adversary Proceeding |
| ) | No. 20-06083 |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| CARVANA, LLC ) | |
| ) | |
| Defendant. ) | |

### CONSENT JUDGMENT

This matter came before the above signed United States Bankruptcy Court Judge for the Middle District of North Carolina upon the joint application of the Trustee and Carvana, LLC ("Carvana"), through undersigned counsel, who are requesting that the Court enter Judgment in favor of the Trustee under the terms described herein, and who stipulate to the following:

FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Chris Lee Tim ("the Debtor") filed a Chapter 13 proceeding, Case No. 20-50054 in the United States Bankruptcy Court for the Middle District of North Carolina on January 17, 2020.

2. On the Petition date, Kathryn L. Bringle was appointed as Trustee for the Debtor and is duly qualified in acting as Trustee in the Debtor's bankruptcy case.

3. The Defendant, Carvana, LLC ("Carvana") is a limited liability company with a principal office address of 1930 Rio Salado, Parkway, Tempe, AZ 85281.

4. On March 11, 2020, Carvana filed a proof of claim in the amount of $14,076.90 and alleged a security interest in a 2013 Volkswagen Passat ("the vehicle").

5. The Defendant attached a Security Agreement dated December 28, 2019 to this claim which appears to demonstrate a purchase money security interest in the vehicle. A document entitled "Lien and Title information" was also attached to the claim which included an "issuance" and "received" date of March 7, 2020.

6. The Trustee contacted the North Carolina Division of Motor Vehicles on April 28, 2020 and was informed that Carvana's lien on the title of the vehicle had been perfected on February 4, 2020.

7. The lien of the Defendant was perfected 18 days after the filing of the Petition and approximately 38 days after the execution of the December 28, 2019 Security Agreement.

8. Carvana failed to deliver the application for notation of a security interest on the title of the vehicle to the Division of Motor Vehicles within 20 days of the execution of the security agreement as required by N.C.G.S. 20-58.2. Consequently, its lien was recorded on February 4, 2020, the date of delivery of the application to the North Carolina Division of Motor Vehicles, 18 days after the Petition was filed.

9. The vehicle was deemed a total loss after an automobile accident on April 9, 2020. The Insurance Company, GEICO, has forwarded the Trustee insurance proceeds in the amount of $9,838.01. The Trustee is holding those funds.

BASED ON THE FOREGOING FINDINGS OF FACT, the Court hereby reaches the following CONCLUSIONS OF LAW:

1. This Court has jurisdiction over this Adversary Proceeding and the parties pursuant to 28 U.S.C. Sections 157 and 1334, as well as 11 U.S.C. Sections 544, 549 and 551.

2. Venue is proper in this District pursuant to 28 U.S.C. Section 1409 since this is an action arising under Title 11 of the United States Code in a proceeding pending in this District.

3. This matter is a core proceeding within the meaning of 28 U.S.C. Section 157.

4. The matter comes on before the Court with the consent of the Trustee and Carvana, as evidenced by the signatures of Counsel below.

5. Having reviewed the record herein, the Court finds that there is good cause to approve the parties' settlement as reflected herein.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:**

1. Carvana's lien is avoided pursuant to 11 U.S.C. §544 and §549 and its claim is classified as an unsecured general claim in the amount of $14,076.90, to be paid pro rata with other unsecured general creditors;

2. Carvana shall immediately release its lien on the Title of the vehicle and supply clear title to GEICO;

3. The Trustee is authorized to disburse the insurance proceeds of $9,838.01 to unsecured creditors, including Carvana, on a pro-rated basis after the Debtor has completed making payments under the Plan;

4. The liquidation value of the estate is established at $9,838.01;

5. In the event this case is converted to a case under Chapter 7 of Title 11 of the United States Code, the insurance proceeds shall be delivered to the Chapter 7 Trustee assigned to this case;

6. In the event this case is dismissed, the insurance proceeds shall be forwarded to the Defendant;

7. The Trustee and Carvana shall respectively bear their own costs and attorney's fees incurred in this matter;

8. Plan payments and all other requirements of the Plan shall not be changed by this lien avoidance except as specifically set out herein inasmuch as the value of the lien avoidance is preserved for the bankruptcy estate.

Consented to:

\_\_s/Joseph J. Vonnegut_____
Joseph J. Vonnegut
Atty for Carvana, LLC
State Bar No. \_32974_____
Hutchens Law Firm LLP/Bankruptcy Dept
P O Box 2505
Fayetteville, NC 28302

\_\_s/Vernon J. Cahoon_____
Vernon J. Cahoon
State Bar No. \_\_\_13443\_\_\_\_\_
Chapter 13 Staff Attorney
PO Box 2115
Winston-Salem, NC 27102-2115

END OF DOCUMENT

<u>PARTIES TO BE SERVED</u>
PAGE 1 OF 1
20-50054  C-13W

CHRIS LEE TIM
113  HABERSHAM COURT
LEXINGTON, NC 27295

JOHN T ORCUTT
6616-203 SIX FORKS ROAD
RALEIGH, NC 27615

BENJAMIN BUSCH
LAW OFFICE OF JOHN T. ORCUTT
600 GREEN VALLEY ROAD, #210
GREENSBORO, NC 27408

JOSEPH J VONNEGUT
ATTY FOR CARVANA LLC
HUTCHENS LAW FIRM LLP/BANKRUPTCY DEPT
P O BOX 2505
FAYETTEVILLE, NC 28302

KATHRYN L. BRINGLE
(CHAPTER 13 TRUSTEE)
PO BOX 2115
WINSTON-SALEM, NC 27102-2115